FILED

MAY 23 2016

Clerk, U S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ZANDE BARNACASCEL,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD and STATE OF MONTANA<br><br>Respondents. | CV 15–160–M–DLC–JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered findings and recommendations in this matter on March 11, 2016, recommending dismissal of Petitioner Zande Barnacascel's ("Barnacascel") petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Barnacascel filed objections to the findings and recommendations on March 31, 2016—after the deadline prescribed by statute—but the Court will construe them as timely and conduct de novo review of those findings and recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a

definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). For the reasons explained below, the Court adopts Judge Lynch's findings and recommendations in full.

Barnacascel's case centers on an alleged improper revocation sentence. Having pled guilty to felony burglary in 2004, Barnacascel was originally sentenced in 2005 to a 20 year Montana Department of Corrections ("DOC") commitment with 15 years suspended, in conformance with his plea agreement. Barnacascel discharged the five year commitment, but then violated his conditions of release on the suspended 15 year portion and was revoked in 2010. He then received a revocation sentence of 15 years at Montana State Prison ("MSP"), with all 15 years suspended. He then violated his conditions of supervision again—by absconding and remaining on the lam for three years—and, on August 26, 2014, received a revocation sentence of 15 years at MSP, no time suspended and no possibility of parole.

In his petition, Barnacascel challenges the latter of these three sentences, the term of imprisonment. The thrust of his argument is that because the original sentencing court accepted the plea agreement in which the parties agreed to a 20 year DOC commitment with 15 years suspended, subsequent revocation courts were prohibited from imposing sentences any harsher than the original sentence.

Construing the statute governing revocations, Montana Code Annotated § 46–18–203, Judge Lynch found that Barnacascel's argument lacked merit. Montana law provides that upon finding a defendant in violation of conditions governing a suspended sentence, a judge may "revoke the suspension of sentence and require the offender to serve either the sentence imposed or any sentence that could have been imposed that does not include a *longer* imprisonment or commitment term than the original sentence." Mont. Code Ann. § 46-18-203(7)(a)(iii) (emphasis added). Because this statute only limits the length of a revocation sentence, not the manner in which the revocation sentence is served, Judge Lynch concluded that Barnacascel's revocation sentence was valid and did not violate Barnacascel's constitutional rights.

Barnacascel's objections to the findings and recommendations are two-fold. First, in objections 1–5 and 7, Barnacascel disagrees with Judge Lynch's conclusion that the August 2014 revocation sentence comports with § 46–18–203(7)(a)(iii) and his plea agreement. He restates his primary contention that he, the prosecutor, and the original sentencing court were parties to a contract which bound *all* courts with regard to sentencing options in the future, and that nevertheless state law prevented the revocation court from imposing any sentence other than a suspended DOC commitment. As to these objections, the Court

agrees with Judge Lynch's analysis that Barnacascel misunderstands both the effect of his 2005 plea agreement and the extent to which a revocation sentence must match an original sentence under § 46–18–203(7)(a)(iii). The sentencing court's acceptance of the plea agreement bound neither it nor the subsequent revocation court. As Judge Lynch explained, § 46–18–203(7)(a)(iii) vested the revocation court with discretion to fashion an appropriate consequence for Barnacascel's repeated violations of his conditions of release. Nothing in the record indicates that the August 2014 revocation court did otherwise.

Second, in objection 6, Barnacascel raises for the first time what the Court construes as an ineffective assistance of counsel claim. His objection states that "if [Judge Lynch's] findings were correct or taken as such then the court, county attorney and my own attorney [erred] in their [representation] of the case by not advising [me] as such on the [illegal] sentencing." (Doc. 5 at 4.) Ninth Circuit law provides "that a district court has discretion, but is not required, to consider [claims] presented for the first time in a party's objection to a magistrate judge's recommendation." *Akhtar v. Mesa*, 698 F.3d 1202, 1208 (9th Cir. 2012) (citing *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000)). However, "in making a decision on whether to consider [new claims], the district court must actually exercise its discretion, rather than summarily accepting or denying [them]." *Id.*

The Court considers this claim, but because Barnacascel failed to allege facts sufficient to support an inference that his attorney's performance fell below an objective standard of reasonableness, or that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," the Court finds the claim meritless. *Strickland v. Washington*, 466 U.S. 668, 687–688, 694 (1984).

Finding no clear error in the remainder of Judge Lynch's findings and recommendations,

IT IS ORDERED that Judge Lynch's findings and recommendations (Doc. 4) are ADOPTED IN FULL. Barnacascel's petition for writ of habeas corpus (Doc. 1-1) is DENIED for lack of merit.

IT IS FURTHER ORDERED that the Clerk of Court shall enter by separate document a judgment in favor of Respondents and against Petitioner.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

DATED this 23rd day of May, 2016.

Dana L. Christensen, Chief Judge
United States District Court